WOLF, Judge.
' Walter Ingram, the former husband, raises several issues on appeal from a final judgment of dissolution of marriage. One issue has merit and requires us to reverse that portion of the final judgment dealing with the equitable distribution of marital assets. The trial court erred in relying on evidence in its final judgment which had previously only been presented through a proffer, without giving the former husband the opportunity to confront or respond to the evidence after it was determined to be admissible.
The major issue between the parties during the dissolution proceedings was whether the former wife was entitled to a special equity in certain residential real property which was owned by the former wife and her mother prior to the marriage. The property was conveyed to the parties, and they utilized the property as the marital home.
The former wife testified as to why the transfer of property had taken place, that it had not been intended as a gift, nor did her mother intend to convey an interest in the property. The former wife then attempted to present testimony from her mother to the effect that the mother had received no money for transferring her interest in the property to the former husband. The former husband’s attorney objected on grounds that the former wife was trying to go behind the written deed which stated that the former wife’s mother had received consideration for the transfer. The trial court ruled that it would not accept the testimony into evidence, but would allow a proffer so there would be a record of it. The former wife’s mother then reiterated that she had not been given any money for executing the deed and testified that the property transfer had taken place for the reasons already given by the former wife. The former wife’s mother further testified that despite the former husband’s suggestion that they should all get rid of the house, she had kept it because it had been her mother’s home. Finally, the former wife’s mother testified that she had not intended to make a gift of the home and had in fact paid all the taxes on the property although she did not specify for what period of time. When asked whether he had any questions for this witness, the- former husband’s attorney stated “I don’t want to do anything with this.” The former wife’s attorney then proffered more testimony from the former wife, essentially reiterating her prior testimony regarding why the property transfer had taken place and her mother’s proffered testimony regarding the former husband’s lack of interest in the property. The former husband thereafter was recalled as a witness, but testified only as to the value of certain disputed personal property items acquired by the parties during the marriage.
Without ruling one way or the other, the trial court indicated at the close of all the evidence that it believed the former husband’s construction of section 61.075(5), Florida Statutes (1995), had been correct and that the subject property deeded to the parties as joint tenants with right of survivor-ship could probably only be partitioned. The trial court indicated, however, that it would allow the former wife’s attorney to present case law supporting his contrary position on the matter when he submitted his proposed final judgment.
After receiving a memorandum of law from the former wife in support of her position that she could be and should be granted a special equity interest in the former husband’s one-half interest in the subject real property, the trial court entered a final judgment dissolving the parties marriage and granting the former wife, among other things, a sole ownership interest in the parties’ formerly jointly held residential property based on a finding that “[t]he unrebutted testimony of the Wife and her mother which was offered as a proffer is received as evidence and sustains the Wife’s position that neither a gift nor an ownership interest was intended when the deed conveying said property to the Wife and the Husband was executed.” The former husband timely filed a motion for rehearing or new trial, arguing that the trial court’s late admission of the proffered testimony had denied him his right to cross-examine the witnesses on their proffered testimony or offer any rebuttal evidence to such proffered testimony. The trial court summarily denied the former husband’s motion. This appeal follows.
*431 We find that it is fundamentally unfair to not give appellant the opportunity to confront the evidence that he was told was inadmissible, but was specifically relied on by the trial court in making its determination. We, therefore, remand for the trial court to conduct further proceedings in order to give the appellant the opportunity to confront and respond to the evidence that the trial court has now determined to be admissible.
JOANOS and VAN NORTWICK, JJ., concur.